## DETERMINED IN THE

# FOURTH DEPARTMENT

### AT

## GENERAL TERM,

## January, 1888.

---

HENRY THOMAS, Appellant, v. HELEN E. JONES, Respondent.

*Verified pleadings in a Justice's Court—when judgment by default thereon is improper.*

In an action brought upon a promissory note in a Justice's Court, ·the summons, and the complaint duly verified under chapter 414 of the Laws of 1881, were personally served upon the defendant, the complaint alleging that the note had been indorsed and transferred to the plaintiff ; that no part of it had been paid, and asking judgment for the amount thereof with interest.

Upon the return day the defendant appeared and· demurred on various grounds ; the justice overruled the demurrer and rendered a judgment in favor of the plaintiff without any evidence being given of the defendant's liability, except that afforded by the verified complaint and the note referred to therein.

*Held,* that such judgment was erroneously granted.

That judgment by default was only authorized by the act of 1881, in case the defendant failed to answer or demur to the complaint; that as the defendant had demurred to the complaint in this action, the case did not fall within the provision of said act, and the justice could not render a judgment therein without common law evidence of the defendant's liability.

APPEAL from a judgment of the Oneida County Court reversing the judgment of a Justice's Court in favor of the plaintiff. The action was brought in a Justice's Court to recover upon a promissory note set out in the complaint, which was verified and annexed to the summons, and both of which were personally served upon the defendant, who appeared by attorney and demurred to the complaint.

*D. C. Stoddard,* for the appellant.

*Goodier & Wolcott,* for the respondent.

FOLLETT, J.:

Appeal from a judgment of a County Court, reversing upon questions of law, a judgment of a Justice's Court.

The action was brought upon a promissory note, of which the following is a copy:

"UTICA, N. Y., *June* 6, 1885.

"Three months after date I promise to pay to the order of John H. Jones, one hundred and seventy dollars, at A. D. Mather & Co.'s Bank, value received, with interest, and I hereby charge my separate estate with the payment of this note.

"$170.00.                    "HELEN E. JONES."

The summons and a complaint duly verified under chapter 414 of the Laws of 1881, were personally served upon the defendant. A copy of the note was set out in the complaint and it was alleged therein that the note had been indorsed and transferred to the plaintiff; that no part of it had been paid, and judgment was demanded for $170, with interest from June 6, 1885, with costs.

Upon the return day defendant appeared and demurred to the complaint, on the following grounds:

"I. That the complaint does not state facts sufficient to constitute a cause of action against the defendant.

"II. That the court has no jurisdiction over the person of the defendant.

"III. That this court has no jurisdiction over the subject-matter of the action."

The justice overruled the demurrer, and rendered a judgment:

For damages...................................... $135 00
For costs ........................................    2 45
                                                  ─────────
                                                   $137 45

This judgment was rendered without any evidence of the defendant's liability, except that afforded by the verified complaint and the note.

The third section of chapter 414 of the laws of 1881 provides: " SEC. 3. In case the defendant fails to answer or demur to said complaint, as hereinbefore provided, at the time of the return of said summons, he shall be deemed to have admitted the allegations of the complaint as true, and the court shall, upon filing the summons and complaint, with due proof of the service thereof, enter judgment for the said plaintiff and against the defendant, for the amount demanded in such complaint, with costs, without further proof."

This case does not fall within the section, because the defendant had not failed to demur ; and the justice could not render a judgment without common law evidence of the defendant's liability. (*Oulman* v. *Schmidt*, 35 Hun, 345.) In the case at bar the judgment was not entered " for the amount demanded in such complaint, with costs," but for an amount considerably less than the amount demanded.

The judgment of the County Court is affirmed, with costs.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.